UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



January 17, 2023

LETTER TO COUNSEL

     RE:    *Jermaine G. v. Kijakazi, Acting Commissioner of Social Security*
              Civil No. GLS-21-2445

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Jermaine G. ("Plaintiff"), and the Social Security Administration ("SSA" or "the Agency"). (ECF Nos. 14, 15). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

**I.    BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on February 10, 2020, alleging that disability began on June 5, 2015. (Tr. 189). This claim was initially denied on June 2, 2020, and upon reconsideration, denied again on September 18, 2020. (Tr. 69, 79). On October 12, 2020, Plaintiff filed a written request for a hearing, which was granted. The hearing was conducted on March 12, 2021, by an Administrative Law Judge ("ALJ"). (Tr. 35). On April 12, 2021, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 24). On August 16, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. § 422.210(a).

**II.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE**

The Social Security Act defines disability as the "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a); *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite his/her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 13-23). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2015, the alleged onset date of Plaintiff's disability. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease; degenerative joint disease; and complex regional pain syndrome ("CRPS"). (Tr. 13-15). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28. (*Id.*). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 15). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stand and/or walk for a total of 6 hours in an 8-hour workday; sit for a total of 6 hours in an 8-hour workday; push and/or pull as much as he can lift and or carry, but can only occasionally use hand controls with his dominant right hand with no such limitation on the non-dominant hand; frequently climb ramps/stairs; occasionally climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; and occasionally handle, finger, and feel with the dominant right hand with no such limitation on the non-dominant hand.

(Tr. 15-16). At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a police officer. (Tr. 23). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same RFC as the Plaintiff would be precluded from performing the Plaintiff's past work as a police officer. (Tr. 60-61). The VE defined work as a police officer as "very heavy" and "skilled work." (Tr. 61). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work. (*Id.*). However, the VE did suggest that this hypothetical individual would be able to perform "light, unskilled" work. (*Id.*). At step five, the ALJ ultimately determined that Plaintiff was not disabled because he could perform other light work existing in significant numbers in the national economy, e.g., as a counter clerk, rental clerk, and inspector. (Tr. 24).

### III. DISCUSSION

On appeal, Plaintiff advances two arguments: (1) the ALJ's failure to properly assess medical source opinions led him to fashion an RFC that is not based on substantial evidence; and (2) the ALJ failed to properly evaluate the Plaintiff's subjective complaints of pain and intensity related to Plaintiff's CRPS. (ECF No. 14, "Plaintiff's Brief," pp. 19-32). In response, the SSA counters that: (1) the ALJ's evaluation of the medical source opinions is supported by substantial evidence; and (2) the ALJ properly considered objective evidence in rejecting the Plaintiff's subjective complaints. (ECF No. 15, "Defendant's Brief," pp. 5-17).

I have carefully reviewed the arguments and the record. I find that the ALJ erred by failing to explain how he considered and evaluated Plaintiff's subjective complaints of pain and intensity. Accordingly, I find that remand is appropriate, for the reasons set forth below. Because this case is being remanded, I will not address Plaintiff's other argument.

When evaluating whether a claimant is disabled, an ALJ must engage in a two-step analysis of a claimant's subjective statements "about [her] impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); *see also* 20 C.F.R. § 404.1529(b)-(c). At step one, the ALJ considers whether objective medical evidence exists of a condition that could reasonably be expected to produce the claimant's "alleged symptoms." *Id.* Next, assuming that the claimant satisfies this initial requirement of showing a medically determinable impairment, the ALJ

proceeds to step two. At step two, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit the claimant's ability to work. *Id.* § 404.1529(c). In evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ is to consider "all of the evidence presented," including a claimant's: (a) prior work history; (b) statements about his symptoms; (c) evidence from medical sources; (d) activities of daily living; (e) medication; and (f) treatment to relieve symptoms. *Id.*

At this second step, the ALJ assesses the credibility of a claimant's statements about his symptoms and whether they affect his ability to perform his work duties. *Lewis*, 858 F.3d at 865-66. The regulations provide that an ALJ should consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's statements about his symptoms] and the rest of the evidence." The idea is to determine whether a claimant's statements "can reasonably be accepted." 20 C.F.R. § 404.1529(c)(4); *see also Craig, supra*, 76 F.3d at 595. Also, the ALJ must include a discussion of evidence within the record that is consistent with an individual's complaints of pain and the extent to which such evidence factored into the RFC determination. *Paul P. v. Saul*, Civ. No. GLS-19-2793, 2021 WL 1134751, at *4 (D. Md. Mar. 24, 2021); *Berry v. Saul*, Civ. No. FDW-20-002, 2020 WL 6365464, at *4 (W.D.N.C. Oct. 29, 2020).

In performing this two-step analysis, an ALJ must keep in mind the medical condition at issue. If it is like fibromyalgia, then objective evidence may not exist to support a claimant's symptoms. In such a circumstance, the Fourth Circuit has made clear that it is improper for an ALJ to rely upon objective medical evidence to discount a claimant's subjective complaints about his symptoms. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95, 108 (4th Cir. 2020). If, however, a claimant suffers from a disease or condition for which there is objective medical evidence that supports or refutes its existence, like degenerative joint or disc disease, then an ALJ may consider that evidence in combination with other evidence in the record. *Patricia P. v. Kijakazi*, Civ. No. TJS-21-565, 2022 WL 683088, at *3 (D. Md. Mar. 8, 2022); *James A. v. Kijakazi*, Civ. No. JMC-20-1992, 2021 WL 4975178, at *3 (D. Md. Oct. 26, 2021).

In either scenario, at the second step, an ALJ may not reject a claimant's subjective statements about the intensity and persistence of his pain **solely** because there is no objective medical evidence to support them. *Arakas*, 983 F.3d at 95; s*ee also* 20 C.F.R. § 404.1529(c) (emphasis supplied). Put another way, at step two, a claimant may rely exclusively on "subjective evidence to prove the degree to which [her] symptoms affect [her] ability to work." *Carolyn L. v. Kijakazi,* Civ. No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022). If, however, an ALJ is going to reject a claimant's subjective statements as incredible or inconsistent with the evidence, it is important for the ALJ to explain her/his finding regarding a claimant's credibility and to specifically refer to the evidence upon which the ALJ relies to make a credibility determination. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985); *see also Carolyn G. v. Kijakazi*, Civ. No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021); *Tyheim H. v. Kijakazi*, Civ. No. ADC-21-223, 2022 WL 195606, at *4 (D. Md. Jan. 21, 2022) (describing the requirement for an ALJ to discuss and clarify conflicting evidence).

When dealing with CRPS specifically, SSR 03-2p requires an ALJ to analyze whether certain clinical signs, e.g., swelling, autonomic instability, involuntary movements, exist alongside pain that is "typically out of proportion to the severity of any documented precipitant." SSR 03-2p. The SSR cautions that the symptoms associated with CRPS are transitory and symptoms may be present at one time and not present at another time. *Id.* For that reason, conflicting evidence is "not unusual" in cases involving CRPS. *Id.* An ALJ must account for the transitory nature of CRPS when assessing credibility and fashioning an RFC. *See Paul P.*, 2021 WL 1134751, at *4. In addition, SSR 03-2p states that whenever an individual's subjective complaints about pain or intensity are not substantiated by the objective medical evidence, the ALJ must assess the credibility of the individual's statements by considering "the entire record." This includes medical signs, laboratory findings, and the individual's own statements about the symptoms. SSR 03-2p. Here, too, an ALJ maintains an obligation to adequately explain conclusions regarding credibility and how those conclusions factored into the RFC determination. *Id.*; *see also Tyheim H.*, 2022 WL 195606, at *5; SSR 16-3p.

In this case, a review of the ALJ's written decision reveals that it contains a summary of Plaintiff's subjective complaints. (Tr. 17-20). After finding that Plaintiff's medically determinable conditions could be expected to produce the alleged symptoms, the ALJ summarized the Plaintiff's testimony about his upper extremity pain and how it diminished his ability to work. (Tr. 17). The ALJ also documented the various statements the Plaintiff made about his pain levels from the time of the injury to the hearing in March 2021. (Tr. 17-20). At multiple points, the ALJ highlights statements by the Plaintiff indicating pain relief, comfort, and satisfaction with his medication. *Id.* After documenting these statements and miscellaneous test results, the ALJ concludes the following:

> With regard to activities of daily living, although the claimant has reported limitations on performing his personal care, cooking, and performing other household chores primarily due to pain and medication side effects (Ex. 4E; 7E; testimony), as identified above, he has reported significant to at times complete pain relief with medication, improvement in his functioning with medication, and no medication side effects. As such, the undersigned finds the claimant's alleged degree of limitation on activities of daily living *not consistent* with the medical evidence of record.

(Tr. 20) (emphasis added).

The Plaintiff asserts that the ALJ failed to properly consider his subjective complaints of pain and intensity because the ALJ: (1) discredited the Plaintiff's statements related to the intensity of his CRPS by pointing to irrelevant medical evidence; (2) failed to take into account the transitory nature of CRPS when identifying inconsistencies; and (3) relied primarily on objective evidence to discredit Plaintiff's statements. (Plaintiff's Brief, pp. 28-30). The SSA states that the ALJ: (1) relied on relevant medical evidence to form his conclusion; and (2) relied on objective evidence alongside all of the evidence in the record. (Defendant's Brief, pp. 13-17).

*Jermaine G. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-21-2445
January 17, 2023
Page 6

The Court finds Arguments Nos. (1) and (3) by the Plaintiff to be unavailing.[1] However, on balance, the Court does not find that the ALJ adequately explained his conclusions regarding the credibility of the Plaintiff's subjective complaints. The Court makes this finding, in part, because the Court agrees with Argument No. (2). However, more generally, the Court finds that the ALJ did not adequately discuss his credibility findings.

After a review of the ALJ's decision, the Court finds that the ALJ failed to go beyond a mere recitation of facts when describing how he fashioned the RFC, and when describing why he found the Plaintiff's subjective complaints of pain and intensity incredible. Prior to labeling the Plaintiff's subjective complaints as "not consistent" with the medical evidence of record, the ALJ cites both to numerous statements made by the Plaintiff and to other medical findings. (Tr. 17-19). However, the ALJ's decision does not include a detailed discussion of how the cited facts support his conclusion. (*See* Tr. 49, 51-58).

Even assuming, *arguendo*, the ALJ intended to support his credibility determination by presenting the contrast between the Plaintiff's hearing testimony and his various doctor visits, the analysis is deficient. When analyzing whether an ALJ provided sufficient explanation regarding credibility, the Court finds *Hammond v. Heckler*, 765 F.2d 424 (4th Cir. 1985) instructive. In *Hammond*, the ALJ disregarded the plaintiff's subjective complaints of pain simply because they were not consistent with "the medical evidence of record." 765 F. 2d at 426. The court found this conclusory assessment inadequate because the "duty of explanation is always an important aspect of the administrative charge." *Id.* More recently, the court in *Montgomery v. Colvin*, Civ. No. CBD-15-1658, 2016 WL 3632696, at *4 (D. Md. July 5, 2016), expanded on this principle. In finding that the ALJ's decision lacked substantial evidence, the court held that a ALJ must do more than offer a single conclusory statement and an ALJ must offer "specific reasons," that are "supported by evidence." *Id.* (internal citations omitted); *see also Siddiqui v. Colvin*, 95 F. Supp. 3d 833, 845-46 (D. Md. 2015) (finding that an ALJ's credibility determination must contain a complete analysis). The ALJ bears the responsibility of clearly articulating why he finds Plaintiff's statements to be incredible, citing to specific inconsistencies, and explaining how those inconsistencies support his credibility conclusion. As a result, a juxtaposition of facts, without more, is not enough to allow this Court to adequately assess if the ALJ's decision is supported by substantial evidence. *See Paul P.*, 2021 WL 1134751, at *3; *Tyheim H.*, 2022 WL 195606, at *4-5.

---

[1] The Plaintiff's assertion that the ALJ erred by relying on irrelevant evidence, e.g., evidence pertaining to Plaintiff's left upper extremity, is not supported by the record. Although the ALJ does refer to medical evidence pertaining to the Plaintiff's left upper extremity, it does not appear that he solely relied on such evidence in forming his conclusion. (Tr. 17). So, even if this Court accepts that evidence relating to the left upper extremity is irrelevant, the ALJ did not err because such evidence was not the only kind that he considered. *See Cooke v. Colvin*, Civ. No. 13-18-JCC, 2014 WL 4567473, at *17 (W.D. Va. Sept. 12, 2014) (finding that reliance on irrelevant evidence and inconsistencies is not fatal if the ALJ does not solely rely on such irrelevant evidence and inconsistencies). Second, as a factual matter, the record indicates that the ALJ did not primarily rely on objective evidence. (Tr. 16-17). In fact, the ALJ refers to statements made by the Plaintiff throughout his decision. As such, this point too is unsupported.

*Jermaine G. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-21-2445
January 17, 2023
Page 7

    An explanation by the ALJ is especially important in CRPS cases because conflicting evidence in the medical record is not unusual. *See* SSR 03-2p; *Paul P.*, 2021 WL 1134751 at **3-4 (highlighting that CRPS can wax and wane). As a result, as part of the ALJ's explanation, he needs to address how he took into account the transitory nature of CRPS. *See Paul P.*, 2021 WL 1134751, at **3-4 (discussing the need for an ALJ to account for the transitory nature of CRPS when assessing credibility). The ALJ did not do that in this case. Therefore, the ALJ did not properly assess the Plaintiff's subjective complaints of pain and intensity.

    In sum, the ALJ never clearly explained how Plaintiff's statements were "not consistent" with the objective medical evidence. The ALJ's decision only contained a juxtaposition of evidence and did not discuss if the ALJ accounted for the transitory nature of CRPS. As a result, the ALJ's decision does not comport with the requirements of SSR 03-2p and precludes this Court from conducting a meaningful review. As written, I cannot find that substantial evidence exists to support the ALJ's decision. Thus, remand is required.

    On remand, the ALJ should provide a narrative discussion that explicitly references the subjective statements, how and why he discounted them, if and how he accounted for the transitory nature of CRPS and an explanation of how the objective and subjective evidence supports his conclusions.

## IV.    CONCLUSION

    For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 14, 15) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to an inadequate explanation regarding the credibility of Plaintiff's subjective complaints. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

                                                                             Sincerely,

                                                                             /s/
                                                  The Honorable Gina L. Simms
                                                  United States Magistrate Judge