UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



August 21, 2023

LETTER OPINION

    RE:    *Jermaine G. v. Kijakazi, Acting Commissioner of Social Security*
            Civil No. GLS-21-2445

Dear Counsel:

Plaintiff's counsel filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, originally seeking $8,074.26. (ECF Nos. 20, p. 1, "Motion"; 20-2, p. 3). The Social Security Administration ("the Commissioner") filed an Opposition objecting to the amount requested, arguing that the award should be limited to $5,375.17. (ECF No. 22, p. 7, "Opposition"). Plaintiff filed a Reply, increasing his request for EAJA fees to $8,344.90, to include costs to account for the time spent drafting the Reply. (ECF No. 23, pp. 14-15, "Reply"). This matter has been fully briefed. (*See* ECF Nos. 20, 22-23). Accordingly, I find that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion will be **GRANTED** in part and **DENIED** in part, and fees will be awarded in the amount of $5,375.17.

**I.    BACKGROUND**

On September 24, 2021, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 14-16). On January 17, 2023, this Court issued a Letter Opinion, remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with sentence four of 42 U.S.C. § 405(g). (ECF No. 18).[1]

On April 7, 2023, Plaintiff timely filed the Motion pursuant to the EAJA. In the Motion, Plaintiff's counsel, Eddy Pierre Pierre, Esq., seeks $7,672.26 in attorney's fees for 30.62 hours of attorney work at $224.17 per hour, plus 8.08 hours of paralegal work at $100.00 per hour, and $402.00 in court costs. (Motion, p. 1; ECF No. 20-2, pp. 2-3). On April 24, 2023, the Commissioner filed an Opposition. (Opposition, pp. 1-9). On May 8, 2023, Plaintiff's counsel filed a Reply, conceding that .62 hours of attorney work and 6.55 paralegal hours are not compensable,

---

[1] On January 17, 2023, the Court issued a Letter Opinion remanding the case for further proceedings in which it provides a more complete recitation of the procedural background of this case. (ECF No. 18, pp. 1-2).

so he withdrew his request for reimbursement related thereto. (Reply, p. 14). However, Mr. Pierre Pierre also requests an additional award of 4.75 attorney hours for drafting the Reply, resulting in a revised claim of $7,942.90 for 34.75 hours of attorney work at $224.17 per hour, plus 1.53 hours of paralegal work at $100.00 per hour. The total relief sought is $8,344.90. (*Id.*).

## II.   STANDARD OF REVIEW

Under the EAJA, a party who prevails in a civil action brought by or against the United States is entitled to an award of attorney's fees and expenses, unless a court finds that the government's arguments were substantially justified, or that special circumstances make an award to the prevailing party unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Duane H. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-20-3673, 2022 WL 2532425, at *1 (D. Md. July 7, 2022); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). In order to be awarded attorney's fees, the prevailing party must first provide an itemized statement of fees to the court within thirty days of the court's final judgment. *Crawford*, 935 F.2d at 656.

Courts must decide whether the attorney's fees sought under the EAJA are reasonable, and courts enjoy broad discretion in so determining. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 437 (1983); *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)); *see also Duane H.*, 2022 WL 2532425, at *1. To calculate the appropriate attorney's fees award amount, a court should start by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *see also Randolph v. Powercomm Construction Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434.

When seeking attorney's fees, counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Id.* at 437. Courts can analyze a variety of factors to determine the reasonableness of attorney's fees, including the following: (1) the time and labor required; (2) the novelty and difficulty of the questions raised in the case; (3) the skill necessary to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Randolph*, 715 F. App'x at 230 (citing *Johnson v. Georgia Highway Express Inc.*, 488 F. 2d 714, 717-19 (5th Cir. 1974)); *see also Chaten v. Marketsmart LLC*, Civ. No. GLS-19-1165, 2020 WL 4726631, at *4 (D. Md. Aug. 14, 2020). The most critical factor is the "degree of success obtained" by plaintiff's counsel in the case. *Randolph*, 715 F. App'x at 231 (citing *Hensley*, 461 U.S. at 436). However, the Supreme Court has held that "there is no precise rule or formula for making these [attorney's fees] determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success." *Hensley*, 461 U.S. at 436-437. In addition, when assessing the reasonableness of attorney's fees, "a district court must subtract fees for hours spent

on unsuccessful claims unrelated to successful ones." *Randolph*, 715 F. App'x at 230 (citing *McAfee*, 738 F.3d at 88).

### III.   ANALYSIS

The Commissioner argues that the fees sought by Plaintiff's counsel are unreasonable. In support of this contention, the Commissioner provides three overarching arguments. First, the Commissioner argues that Mr. Pierre Pierre improperly seeks reimbursement for 11 hours of work completed on May 7, 8, and 10, 2022. In support of this argument, the Commissioner makes three sub-arguments: (a) this is a routine disability case that involves "commonly litigated" issues; (b) the hours submitted by Plaintiff's counsel are excessive in light of the number of documents that comprise the administrative record; and (c) when drafting the summary judgment motion, Plaintiff's counsel devoted too much time drafting the procedural section and detailing medical evidence (more than 18 pages). (Opposition, pp. 4-5). The Commissioner's second overarching argument is that the requested award is unreasonable because Plaintiff's counsel seeks reimbursement for numerous non-compensable clerical tasks. (*Id.*, pp. 5-6). Third, the Commissioner contends that the total requested fee amount of $8,074.26 falls outside the "heartland" of recent fee awards for Social Security cases in the same procedural posture. (*Id.*, pp. 3, 7).

The Court first finds that the Commissioner concedes that Plaintiff is a "prevailing party" under the EAJA and is thus entitled to reasonable attorney's fees. (Opposition, p. 1). The Court also finds that a judgment was issued in this case on January 17, 2023, which became a "final judgment" on March 18, 2023. *See Shalala v. Schaefer*, 509 U.S. 292, 297-298 (a remand based on sentence four of U.S.C. § 405(g) becomes a final judgment 60 days after the entry of the judgment). As such, Plaintiff's counsel had until April 14, 2023, to file his itemized statement of fees. Thus, the Motion, filed on April 7, 2023, is timely. *Id.* at 297-298. The Court further finds that the Commissioner does not contest Plaintiff's hourly rates of $224.17 for Mr. Pierre Pierre and $100.00 for his paralegal. (*See* Opposition, p. 1). Accordingly, no adjustments will be made by the Court to the hourly rates sought by counsel and his legal staff.

1. **Analysis of Hours for Work Completed on May 7, 8, and 10, 2022**

Before the Court can determine the reasonableness of the fees sought, the Court first finds that neither party accurately represents the total hours reflected for work completed on May 7, 8, and 10, 2022. The Commissioner contends that the Plaintiff's counsel is requesting a fee related to 11 hours of work, and the Plaintiff's counsel avers that the total fee award only reflects a fee request related to 8.50 hours of work completed on those dates.

The Court's careful review of Mr. Pierre Pierre's itemized statement of fees reveals that counsel seeks reimbursement for: (a) 5 hours of work completed on May 7, 2022; (b) 3.25 hours of work completed on May 8, 2022; and (c) 3.25 hours of work completed on May 10, 2022. (*See* ECF 20-3, p. 1). As such, the hours for which Plaintiff's counsel seeks compensation across those days is 11.50 hours, neither 11 hours nor 8.50 hours. Accordingly, the Court will conduct its

analysis based on 11.50 hours of attorney work completed on the specified days.

    a.  **Case Complexity**

The Commissioner argues that Plaintiff's case is a "routine" disability case that does not involve complex matters, and thus the hours spent on this case by Plaintiff's counsel are unreasonable. (Opposition, p. 3). Plaintiff's counsel counters that this case is not "routine" simply because the arguments that he raised during summary judgment briefing are frequently litigated. (Reply, pp. 5-6). On this issue, the Court agrees with the Commissioner.

Contrary to Mr. Pierre Pierre's argument, several courts in this District have held that cases are not complex where parties raise arguments that are commonly litigated or frequently raised. *See Duane H.*, 2022 WL 2532425, at *2 *Larry W. v. Soc. Sec. Admin.*, Civ. No. SAG-19-3089, 2021 WL 2685364, at *2 (D. Md. June 30, 2021); *Kirk T. v. Saul*, 489 F. Supp. 3d 411, 416 (D. Md. 2020). In this case, at the summary judgment stage, Plaintiff argued the following: (1) the ALJ's failure to properly assess medical source opinions led him to fashion an RFC that is not based on substantial evidence; and (2) the ALJ failed to properly evaluate the Plaintiff's subjective complaints of pain and intensity. (ECF No. 14, p. 7). The Court finds that both issues are "commonly litigated" in Social Security cases in this District. *See, e.g.*, *Adrianna S. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-20-3136, 2022 WL 112034, at *1-2 (D. Md. Jan. 12, 2022) (analyzing medical source opinions); *Phyllis D. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-20-3735, 2022 WL 268974, at *1-2 (D. Md. Jan. 28, 2022) (same); *Paul P. v. Saul*, Civ. No. GLS 19-2793, 2021 WL 1134751, at *4-5 (D. Md. Mar. 24, 2021) (same); *see also Carolyn L. v. Kijakazi*, Civ. No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022) (same); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (same); *Carolyn G. v. Kijakazi*, Civ. No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021) (same); *Tyheim H. v. Kijakazi*, Civ. No. ADC-21-223, 2022 WL 195606, at *4 (D. Md. Jan. 21, 2022) (same). Thus, consistent with other courts in this District, the Court finds that this case is not complex. Therefore, the Court finds that the routine nature of this case weighs in favor of the Court finding Mr. Pierre Pierre's fee request unreasonable. *See Duane H.*, 2022 WL 2532425, at *2. Accordingly, as set forth later, the Court will reduce the reimbursement amount sought to account for this factor.

    b.  **Size of the Administrative Record**

Next, the Commissioner argues that Mr. Pierre Pierre's hours for drafting the motion for summary judgment and reviewing the administrative record are excessive because the administrative record contains a few documents, i.e., is not voluminous. (Opposition, p. 4). Plaintiff's counsel argues that the record contained a voluminous amount of documents, which required him to devote substantial time reviewing the record and drafting the summary judgment motion; thus, his fee request is reasonable. (Reply, p. 5). On this issue, the Court does not find the Commissioner's argument persuasive.

In this case, the record is over 1,000 pages, the majority of which is comprised of medical evidence. (*See* ECF Nos. 9-1 through 9-10). Here, the Commissioner cites to *Duane H.* and *Larry*

*W.*, *supra*, arguing that the courts held that the particular fee requests from the plaintiffs' attorneys were unreasonable in part because of the fact that the administrative records contained few documents that the attorneys would need to review. (Opposition, p. 4). In this case, the Court finds the Commissioner's argument unavailing because the volume of administrative records in those cases are not comparable to the administrative record in the instant case. In *Duane H.*, the administrative record was only 493 pages, and in *Larry W.*, the administrative record was only 423 pages. *See Duane H.*, 2022 WL 2532425, at *2; *Larry W.*, 2021 WL 2685364, at *2. In the instant case, the medical evidence alone totals 746 pages, which far exceeds the size of the administrative records in both *Duane H.* and *Larry W.* (*See* ECF No. 9-8 through 9-10). Furthermore, the Commissioner does not cite to any in-District authority that would support the contention that a 1,000-page record is small, i.e., not voluminous. In sum, the Court does not find persuasive the "size-of-the-administrative-record" argument. Thus, the Court does not find that this argument should lead it to hold that Mr. Pierre Pierre's fee request is unreasonable. No reduction to the reimbursement amount sought will be made for on this issue.

### c. Hours Spent Drafting Background Section and Detailing Medical Evidence in Summary Judgment Motion

The Commissioner also argues that 11.50 hours of legal work performed by Plaintiff's counsel are unreasonable because when he drafted the summary judgment motion he included eighteen pages detailing the background of the case and the medical evidence in the record. (Opposition, p. 4). Plaintiff's counsel avers that the time spent drafting the statement of facts and medical evidence sections is reasonable, and that the Local Rules[2] fail to provide any guidance as to the length or format for a Social Security brief. (Reply, pp. 8-9). Here, too, the Court agrees with the Commissioner.

Although the Local Rules do not provide guidance as to the length or format of a Social Security brief, courts in this District have held that "a detailed synopsis of the medical evidence of record" provides little assistance to a court's adjudication. As a result, courts have reduced fee awards where an attorney has sought fee reimbursement for briefing that contains lengthy synopses in pleadings. *See, e.g.*, *Baylis v. Colvin*, Civ. No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014); *April J. v. Kijakazi*, Civ. No. BAH-21-1584, 2022 WL 4017381, at *3 (D. Md. Sept. 2, 2022) (reducing 5 attorney hours from a total of 21.4 hours for time unnecessarily spent drafting, reviewing, and revising plaintiff's motion); *see also Ellen C. v. Kijakazi*, Civ. No. SAG-22-1698, 2023 WL 4490457, at *2 (D. Md. July 12, 2023) (finding that Mr. Pierre Pierre appeared in over forty (40) cases in the District, and thus should be familiar with the court's practice of discounting fee petitions that seek recovery for lengthy recitations of medical evidence in the record). Therefore, the Court finds that including an eighteen-page description of the background of the case and the medical evidence in Plaintiff's briefing was unnecessary and unreasonable legal work.

In sum, because the arguments advanced by Plaintiff's counsel in the summary judgment

---

[2] The Local Rules of the United States District Court for the District of Maryland (D. Md. 2023) ("Local Rules").

motion are "commonly litigated," and Plaintiff's counsel devoted excessive time providing a recitation of the background and medical evidence in his briefing, the Court finds that the 11.50 hours incurred on May 7, 8, and 10, 2022 are excessive and unreasonable. *See April J.*, 2022 WL 4017381, at *3; *see also Ellen C.*, 2023 WL 4490457, at *2. Therefore, the Court exercises its discretion and deducts five (5) hours from the number of compensable hours sought, resulting in 6.50 hours as a reasonable number.

### 2. Analysis of Clerical Tasks

The Commissioner argues that Plaintiff's counsel seeks reimbursement for numerous non-compensable and clerical tasks. Specifically, the Commissioner challenges Mr. Pierre Pierre's requests to receive reimbursement for the following: (1) 1.5 paralegal hours spent drafting case-initiating documents (including the Complaint); (2) 0.5 attorney hours for reviewing and revising case-initiating documents; (3) 1.0 paralegal hours to file case-initiating documents; (4) 0.3 paralegal hours for the CM/ECF filing of a form consenting to the jurisdiction of a U.S. Magistrate Judge; (5) .75 paralegal hours for writing correspondence to Plaintiff; (6) .06 attorney hours for email communication with an Assistant U.S. Attorney; (7) 0.5 paralegal hours for communication with Plaintiff; and (8) .25 paralegal hours for communication with Plaintiff.[3] (ECF No. 20-3, p. 3; Reply p. 10). Plaintiff's counsel argues that the above tasks are not clerical. (Reply, pp. 9-10).

In this District, clerical tasks include: (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers. *See Molina v. KP Stoneymill, Inc.*, Civ. No. GLS-19-3123, 2021 WL 2805838, at *6 (D. Md. July 6, 2021); *see also Two Men & A Truck/Int'l, Inc. v. A. Mover, Inc.*, 128 F. Supp. 3d 919, 929-30 (E.D. Va. 2015). (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989)). The Supreme Court has held that purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees. *See Missouri*, 491 U.S. at 288; *see also Chaten*, 2020 WL 4726631, at *1 (same); *Ramirez v. 316 Charles, LLC*, SAG-19-03252, 2021 WL 662185, at *2-3 (D. Md. Feb. 19, 2021) (same); *Abusamhadaneh v. Taylor*, Civ. No. JCC-11-939, 2013 WL 193778, at *38 (E.D. Va. Jan. 17, 2013) (same).

In accordance with the case law outlined above, the Court finds that Task Nos. 1-4 are purely clerical tasks. Furthermore, as detailed *infra*, the Court finds that the documentation supporting Mr. Pierre Pierre's fee requests related to Task Nos. 5-8 are vague and inadequate. Accordingly, the Court will not reimburse counsel for fees sought in connection with these tasks.

Regarding Task Nos. 1 and 2, the law in this District is clear that preparing a complaint related to the recovery of Social Security benefits is a clerical task. *See Watkins v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-602, 2017 WL 1185190, at *1 (D. Md. Mar. 28, 2017) ("I agree

---

[3] The Court will hereinafter refer to these tasks by the phrase "Task Nos."

with the Commissioner and recommend that the 0.5 hour entry for 'Preparation of Complaint' be disallowed as clerical work"); *see also Talmo v. Colvin*, Civ. No. SAG-14-2214, 2015 WL 5897707, at *2 (D. Md. Oct. 5, 2015) (finding that 0.8 hours spent drafting a letter to the client and preparing the complaint related to recovery of Social Security benefits is clerical work that can be completed by administrative staff in a matter of minutes). Regarding Task Nos. 3 and 4, filing documents is considered a purely clerical task that is non-compensable pursuant to the EAJA. *Ramirez*, 2021 WL 662185, at *2-3 (D. Md. Feb. 19, 2021) ("First, the [c]ourt observes a number of entries in which [p]laintiff's attorneys billed for clerical tasks, including, inter alia, filing documents with the [c]ourt"); *Two Men*, 128 F. Supp. 3d at 929-30 ("[C]lerical work includes: collating and filing documents with the court"). Accordingly, the Court will not reimburse Mr. Pierre Pierre for fees sought in connection with Task Nos. 1, 2, 3, and 4.

Regarding Task Nos. 5, 7, and 8, each of these Task Nos. relate to paralegal communication with the Plaintiff. Discussions between a paralegal and a plaintiff can be compensable if the discussions are "substantive" in nature. *See Fryar v. Saul*, Civ. No. RJ-19-198, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021) (substantive discussions, such as "explaining the EAJA" to the plaintiff are compensable). However, non-substantive discussions such as merely "advising [p]laintiff as to the status of [the] case," are clerical in nature. *Id.* Here, the documentation supporting Mr. Pierre Pierre's fee request does not inform the Court whether the discussions between his paralegal and the Plaintiff were substantive. (*See* ECF No. 20-3, p. 2). In fact, the time entries relating to the paralegal's discussions with Plaintiff provide no detail regarding the nature or subject of those discussions. (*Id.*). Put another way, the Court finds that Mr. Pierre Pierre's documentation is too vague to support his fee requests related to Task Nos. 5, 7, and 8. When an attorney provides vague or incomplete documentation to support a motion for attorney's fees, a court "may reduce the fee award accordingly." *Hensley*, 461 U.S. at 433; *Project Vote/Voting for America, Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (fee award reduced where attorneys provide vague and incomplete information); *Ellen C.*, 2023 WL 4490457, at *2 (same). Therefore, the Court will not reimburse Mr. Pierre Pierre for fees sought in connection with Task Nos. 5, 7, and 8.

Relatedly, regarding Task No. 6, the Court finds that Mr. Pierre Pierre's documentation is too vague for this Court to adequately determine whether his "Email Communication with AUSA" is compensable. Here, too, Mr. Pierre Pierre's documentation fails to provide any detail regarding the nature or purpose of the email communication between Plaintiff's counsel and the Assistant U.S. Attorney. (*See* ECF No. 20-3, p. 2). In fact, based on Mr. Pierre Pierre's documentation, the Court is left to speculate whether the "email communication" with the Assistant U.S. Attorney was even related to the case. Thus, the Court will not reimburse Mr. Pierre Pierre for fees sought in connection with Task No. 6 as his documentation related thereto is inadequate. *See Hensley*, 461 U.S. at 433.[4]

Accordingly, the Court will reduce the attorney hours by .62 and the total paralegal hours

---

[4] Furthermore, Plaintiff's counsel seemingly concedes that the above-described tasks are not compensable hours since Plaintiff's counsel, in his Reply, voluntarily reduces the paralegal hours by 6.55 and reduces the attorney hours by .62. (Reply, p. 14).

by 6.55, resulting in a total amount of 25 attorney hours and 1.53 paralegal hours.

### 3. Analysis of Hours Spent Drafting the EAJA Fee Petition and Reply Brief

The Commissioner also generally argues that Mr. Pierre Pierre's reimbursement request for 1.0 hours expended drafting this fee petition is unreasonable and excessive. Plaintiff's counsel argues that he is entitled to receive attorney's fees for the time spent drafting the fee petition and the Reply (Reply, pp. 4-13). Here, the Court finds instructive *Sheridan v. Colvin*, Civ. No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015). In *Sheridan*, the court considered whether it is reasonable for an attorney to request 1.3 hours to draft an EAJA fee petition. *Id.* The court found that .5 hours reflects the time necessary to draft an EAJA petition because "with the exception of dates, amounts, and a single paragraph describing the outcome of the case" EAJA fee petitions are essentially identical in every case. *Id.* Various other courts in this District have endorsed this view. *See e.g.*, *Talmo*, 2015 WL 5897707, at *2 (holding 0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for a case that was briefed through Reply); *Bradford v. Colvin*, Civ. No. WMN-14-2016, 2015 WL 5895795, at *4 (D. Md. Oct. 5, 2015) (reducing EAJA fee petition from 1.3 hours to 0.5 hours); *Sykes v. Comm'r of Soc. Sec.*, Civ. No. SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017); *Ellen C.*, 2023 WL 4490457, at *3 (reducing Mr. Pierre Pierre's time for drafting the EAJA fee petition from 1 hour to 0.5 hours).

In arguing that the amount of time spent preparing the EAJA fee petition should not be reduced, Plaintiff's counsel cites to several cases. *See Fryar*, 2021 WL 769664, at *13-14; *see also Buckley v. Comm'r of Soc. Sec.*, Civ. No. BAM-17-883, 2019 WL 1508058, at *14 (E.D. Cal. Apr. 4, 2019); *Fortes v. Astrue*, BTM-8-317, 2009 WL 3007735, at *4 (S.D. Cal. Sept. 17, 2009). First, this Court finds that Plaintiff's counsel did not cite any in-District authority to support his argument. Next, the Court has reviewed Mr. Pierre Pierre's EAJA fee petition and finds that it similar to those filed in *Sheridan*, *Talmo*, *Bradford*, *Sykes*, and *Ellen C.*, *supra*, and therefore finds, consistent with other courts in this District, that expending 1.0 hours to draft the EAJA fee petition is unreasonable. Thus, this Court agrees with the Commissioner that Mr. Pierre Pierre's time for the EAJA fee petition should be reduced from 1.0 hours to 0.5 hours.

Finally, Plaintiff's counsel seeks compensation for 4.75 attorney hours for drafting the Reply. The Reply is 15 pages long, responds to the Commissioner's arguments, and cites numerous cases. The time requested for drafting the Reply therefore appears to be reasonable, and in accordance with the law, is compensable. *See Ellen C.*, 2023 WL 4490457, at *3 (awarding 6.75 attorney hours spent drafting and revising the reply); *Fryar*, 2021 WL 769664, at *5 (awarding 2.7 attorney hours spent drafting the reply); *Buckley*, 2019 WL 1508058, at *5 (awarding 5.50 attorneys hours spent drafting the reply). No reduction to the reimbursement amount sought will be made for this issue.

In sum, the Court will reduce Mr. Pierre Pierre's total compensable fee amount to $7,111.97. By so doing, the Court takes into account the unreasonable fee request related to the work completed on May 7, 8, and 10, 2022, the non-compensable clerical Task Nos., the Task Nos. for which Mr. Pierre Pierre provides inadequate documentation, the excessive billing related to drafting the EAJA fee petition, and the additional fee requested for drafting the Reply.

### 4. Comparison of Award to "Heartland" Cases

Finally, the Commissioner asserts that Mr. Pierre Pierre's fee award should be reduced to $5,375.17 because the overall requested award is unreasonable and falls outside the "heartland" of recent fee awards. (Opposition, p. 8). Plaintiff counters that it would be a "big misstep" for the Court to reduce a fee award simply because other courts in this District have established a reasonable range for fee awards. (Reply, pp. 4-5).

As I have held earlier in this Letter Opinion, I have reduced the fee award to $7,111.97. Reviewing other EAJA fee awards in this District, the Court understands that an award amount of $7,111.97 is an amount greater than most of the recent attorney fees awarded by other courts for successful Social Security appeals in the same procedural posture as this one. *See, e.g.*, *Larry W.*, 2021 WL 2685364, at *2 (collecting cases); *Shecona W. v. Kijakazi*, Civ. No. SAG-21-819, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023); *see also Duane H.*, 2022 WL 2532425, at *2. As such, the Court finds that a further reduction is necessary for Mr. Pierre Pierre's attorney's fee award to fall within the heartland of cases. *See, e.g., Larry W.*, 2021 WL 2685364, at *2 (reducing award from $7,448.28 to $5,000 on June 30, 2021, to make it consistent with other recent fee awards in this District); *Shecona W.* 2023 WL 195471, at *3 (awarding $4,941.85); and *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00). Accordingly, the Court will reduce the fee award to $5,375.17 to bring the award closer to the "heartland" of reasonable fee awards in similar cases.[5]

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion will **be GRANTED IN PART and DENIED IN PART** as described above. In particular, the Court **AWARDS** Plaintiff's counsel

---

[5] Although not argued by the parties, the Court also finds that Mr. Pierre Pierre's timesheet, which is titled the "Case Contemporaneous Hours" fails to specify the exact amount of time that Plaintiff's attorney spent on reviewing the brief, researching the material, and drafting the statement of facts, respectively. (ECF No. 20-3, p. 1). Another court in this District has held that "a fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *See CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000); *see also Ellen C.*, 2023 WL 4490457, at *2 (reducing fees in part where the attorney failed to specify hours spent for specific tasks). Also, the Court finds that Mr. Pierre Pierre is aware of this requirement because earlier this year, Mr. Pierre Pierre sought attorney's fees in the case of *Ellen C.* In that case, counsel submitted an identical form to the "Case Contemporaneous Hours" form in this case. That identical form also included entries such as "initial CAR review" and "drafting SOFs." *Ellen C.*, 2023 WL 4490457, at *3. In that case, Judge Stephanie A. Gallagher found that the document failed to specify which requested hours were allotted to which specific tasks. *Id.* As a result, Mr. Pierre Pierre's fee award was reduced by 5 hours. *Id.* Accordingly, the Court finds that Plaintiff's vague itemized timesheet further supports the Court's finding that Mr. Pierre Pierre's fee request is unreasonable and should be reduced. *See Hensley*, 461 US at 433; *Project Vote/Voting for America, Inc.*, 887 F. Supp. 2d at 716-17.

*Jermaine G. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-21-2445
August 21, 2023
Page 10

$5,375.17 in fees pursuant to the EAJA under 28 U.S.C. § 2412(a)(1). The Clerk of the Court is directed to **CLOSE** this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

      Sincerely,

      /s/
      The Honorable Gina L. Simms
      United States Magistrate Judge